# In the United States Court of Federal Claims

NOT FOR PUBLICATION

| | |
|---|---|
| DON MACALLISTER,<br><br>      Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>      Defendant. | No. 25-cv-0058<br>(Filed: July 29, 2025) |

Don Macallister, pro se.

Pierce Anon, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for Defendant.  With him on the briefs were Yaakov M. Roth, Acting Assistant Attorney General, Patricia M. McCarthy, Director, and Albert S. Iarossi, Assistant Director.

**OPINION AND ORDER**

Meriweather, Judge.

  Plaintiff Don Macallister, proceeding pro se, filed this action against the United States on January 10, 2025.  *See* Compl., ECF No. 1.  Mr. Macallister alleges that the United States has "deliberately suppressed" the "disclosure" of technology he claims will recharge electric vehicles "in just 5 seconds," Compl. at *2, and that the suppression was unconstitutional and otherwise contrary to law.[1]  Concurrently with his Complaint, Mr. Macallister filed an Application to Proceed *In Forma Pauperis* ("IFP Application") without paying the $405 in fees that the Court's rules ordinarily require.  *See* IFP Appl., ECF No. 2.  The United States then filed a Motion to Dismiss the Complaint for failure to state a claim and for lack of jurisdiction.  *See* Def.'s Mot. to Dismiss, ECF No. 6 ("Mot.").  Having reviewed the parties' briefs and the relevant law, and for the reasons set forth below, the Court **GRANTS** Mr. Macallister's Application to Proceed IFP

---

[1] This opinion is based on the following filings: Compl., ECF No. 1; Pl.'s Appl. to Proceed *In Forma Pauperis*, ECF No. 2 ("IFP Appl."); Def's Mot. to Dismiss, ECF No. 6 ("Mot."); Pl.'s Opp'n, ECF No. 7 ("Resp."); Def.'s Reply, ECF No. 8 ("Reply").  Throughout, page citations to documents in the record refer to the document's original pagination, unless the page is designated with an asterisk (e.g., *1), in which case the reference is to the pagination assigned by PACER/ECF.

and **GRANTS** the United States' Motion to Dismiss his Complaint under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC") for lack of jurisdiction.

### I.     Mr. Macallister May Proceed IFP.

The Court has discretion under 28 U.S.C. § 1915 to grant IFP status if the plaintiff shows he is unable to pay the fee. *See Colida v. Panasonic Corp. of N. Am.*, 374 F. App'x 37, 38 (Fed. Cir. 2010) (citing *Denton v. Hernandez*, 504 U.S. 25, 33–34 (1992)); *Chamberlain v. United States*, 655 F. App'x 822, 825 (Fed. Cir. 2016) (noting courts may allow a plaintiff to proceed without paying if "the person is unable to pay such fees or give security therefor" (quoting 28 U.S.C. § 1915(a)(1))); *Payne v. United States*, No. 22-898 C, 2022 WL 3586496, at *1 (Fed. Cl. Aug. 22, 2022). In his IFP Application, Mr. Macallister represents that he is currently unemployed and relies entirely upon a monthly disability payment to cover his expenses. *See* IFP Appl. at *1–2. A pro se plaintiff's burden of demonstrating an inability to pay under 28 U.S.C. § 1915(a)(1) is not heavy. Being "unable to pay such fees," as contemplated by the statute, "means that paying [the filing] fees would constitute a serious hardship on the plaintiff." *Fiebelkorn v. United States*, 77 Fed. Cl. 59, 62 (2007). Mr. Macallister's sworn statements in his IFP Application clear that threshold. *See* IFP Appl. at *2. Accordingly, the Court grants Mr. Macallister's request to proceed IFP in this matter.

### II.    The Court Dismisses the Complaint Pursuant to RCFC 12(b)(1).

Turning to the Complaint, the Court lacks jurisdiction over each of Mr. Macallister's five claims. First, he alleges that the United States committed fraud by "knowingly suppressing information" about his five-second recharging technology in violation of 31 U.S.C. § 1105(a). Compl. at *3. Next, Mr. Macallister alleges a violation of the Equal Protection clause.[2] *Id.* He claims that the United States "unfairly excluded" his technology and favored other slower technologies. *Id.* His third claim alleges that the United States' suppression of his technology "restricted [his] ability to inform Congress and the public" and "infringed" on his right to communicate freely, in violation of the First Amendment. *Id.* Fourth, Mr. Macallister alleges a breach of fiduciary duty because he contends the United States failed to act in the public's best interest by "concealing" his technology and "depriving" the public of "more efficient" technologies. *Id.* Finally, Mr. Macallister alleges a Fifth Amendment violation, contending that the United States' "suppression" of his technology "constitutes a taking without just compensation." *Id.*

Mr. Macallister provides a list of "supporting evidence" for his claims, citing Letters of Intent or "LOI's" from government agencies, emails to federal government officials, and

---

[2] Mr. Macallister does not explicitly state that he is referring to the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution. Similarly, for his First and Fifth Amendment claims, he does not explicitly cite to the U.S. Constitution. The Court liberally reads the Complaint to raise those federal constitutional claims, despite the inartful pleading. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting pro se pleadings should "be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))).

"[p]ublic statements by officials" about slower technologies "despite knowledge of" his purported faster technology. *Id.* at *4. As relief, he requests that the Court issue an injunction to "[h]alt taxpayer funding" of slower electric vehicle charging stations, award him compensation totaling $2 billion, and allow a "live demonstration at trial" of his charging technology. *Id.*

Regardless of the alleged support for Mr. Macallister's claims, the Court does not have jurisdiction to hear any of them. Although the Court holds pro se plaintiffs to a less stringent standard than plaintiffs with attorney representation, pro se plaintiffs still bear the burden of establishing the Court's jurisdiction. *See Hale v. United States*, 143 Fed. Cl. 180, 184 (2019) ("[E]ven pro se plaintiffs must persuade the court that jurisdictional requirements have been met."); *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." RCFC 12(h)(3); *see also* RCFC 12(b)(1) (motion to dismiss for lack of subject matter jurisdiction); *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004) ("Subject-matter jurisdiction may be challenged at any time by the parties or by the court *sua sponte*.").

The Court derives its power primarily from the Tucker Act, which provides, in relevant part:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). But the Tucker Act is "only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976). Therefore, to establish that a case falls within this Court's limited jurisdiction, a plaintiff must base his claims on a substantive law that "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained"— commonly referred to as a "money-mandating" statute. *Doe v. United States*, 463 F.3d 1314, 1324 (Fed. Cir. 2006).

The Court lacks subject matter jurisdiction over Mr. Macallister's Complaint because there are no applicable money-mandating statutes on which he may base his claims. He cites 31 U.S.C. § 1105(a) in support of his fraud claim. Compl. at *3. However, this provision is inapposite because it directs the President to submit an annual budget to Congress. *See* 31 U.S.C. § 1105(a) ("On or after the first Monday in January but not later than the first Monday in February of each year, the President shall submit a budget of the United States Government for the following fiscal year."). It does not create a substantive right to monetary relief that would support Tucker Act jurisdiction. To the extent that Mr. Macallister's fraud allegation sounds in tort, the Court also lacks jurisdiction over such a claim where, as here, it does not arise from a breach of contract. *See* 28 U.S.C. § 1491(a)(1) (extending jurisdiction to include claims against the government "in cases not sounding in tort"); *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d, 1338, 1343 (Fed. Cir. 2008) ("The plain language of the Tucker Act excludes from the Court of Federal Claims jurisdiction claims sounding in tort."); *cf. Awad v. United States*, 301

F.3d 1367, 1372 (Fed. Cir. 2002) (noting "that where a tort claim stems from a breach of contract, the cause of action is ultimately one arising in contract" and properly within the court's jurisdiction). Here, Mr. Macallister does not allege an express or implied contract with the United States, thus the Court may not hear his fraud claim.

The Court also cannot hear Mr. Macallister's claims under the First and Fourteenth Amendments of the Constitution, Compl. at *3, because it is well-established that neither provision is money-mandating. *See United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983) ("[T]he first amendment, standing alone, cannot be so interpreted to command the payment of money."); *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (holding Fourteenth Amendment not "a sufficient basis for jurisdiction because [it] do[es] not mandate payment of money by the government").

The Court also lacks jurisdiction over Mr. Macallister's breach-of-fiduciary-duty claim. Breach-of-fiduciary-duty claims typically are viewed as tort claims and may be brought in the Court of Federal Claims only if "the fiduciary duty is imposed on the government by a money-mandating statute or regulation or, alternatively, by a contract." *Schneiter v. United States*, 159 Fed. Cl. 356, 373 (2022). Mr. Macallister alleges that the United States' actions "depriv[ed] taxpayers of the benefits of faster, more efficient" charging technologies, Compl. at *3, but has not identified a statute, regulation, or contract that imposes a fiduciary duty on the government to provide such benefits to taxpayers. The federal government's role in administering federal income tax laws "does not create a fiduciary relationship between the United States and individual taxpayers because federal income tax laws generally do not designate the United States as a trustee, identify individual taxpayers as beneficiaries, or describe a trust corpus." *Cox v. United States*, 105 Fed. Cl. 213, 218 (2012) (quoting *United States v. Mitchell*, 463 U.S. 206, 225 (1983)). Accordingly, Mr. Macallister's claims are outside this Court's limited jurisdiction.

Finally, Mr. Macallister has failed to raise a Fifth Amendment takings that falls within this Court's jurisdiction. *See* Compl. at *3. The Tucker Act gives this Court jurisdiction over "nonfrivolous takings claims founded upon the Fifth Amendment." *Moden v. United States*, 404 F.3d 1335, 1341 (Fed. Cir. 2005). "The test for deciding whether a takings claim is frivolous . . . is whether the claim is 'so insubstantial, implausible, foreclosed by prior decisions, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Steward v. United States*, 80 Fed. Cl. 540, 543 (2008) (quoting *Moden*, 404 F.3d at 1341–42). To raise a cognizable takings claim, a plaintiff must identify a property right that was taken by the United States. *See, e.g.*, *Knick v. Twp. of Scott*, 588 U.S. 180, 190 (2019) ("[A] property owner has a Fifth Amendment entitlement to compensation as soon as the government takes his property without paying for it."); *Air Pegasus of D.C., Inc. v. United States*, 424 F.3d 1206, 1215 (Fed. Cir. 2005) ("[A] claimant seeking compensation from the government for an alleged taking of private property must, at a minimum, assert that its property interest was actually taken by the government action."). Here, Mr. Macallister alleges a "suppression" of his technology but does not allege that his property was taken by the government. Compl. at *3. The Complaint does not raise a regulatory takings claim because Mr. Macallister points to no law or regulation that precluded any viable use of his property. *See Seiber v. United States*, 364 F.3d 1356, 1363 (Fed. Cir. 2004) ("There is, of course, no federal taking if federal law did not bar the [property interest]."); *Penn Cent. Transp. Co. v. City of New York*, 438 U.S. 104, 130 (1978) ("[T]he

4

submission that appellants may establish a 'taking' simply by showing that they have been denied the ability to exploit a property interest that they heretofore had believed was available for development is quite simply untenable."). Accordingly, the takings claim is frivolous, and the Court lacks jurisdiction to review it.

In its Motion to Dismiss, the United States contends that 28 U.S.C. § 1500 provides an additional jurisdictional ground for dismissal. *See* Mot. at 7–9. That statute precludes this Court from asserting "jurisdiction over a claim if the plaintiff has another suit for or in respect to that claim pending against the United States or its agents" in another court. *United States v. Tohono O'Odham Nation*, 563 U.S. 307, 311 (2011); *see also* 28 U.S.C. § 1500 ("The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court . . . ."). "Claims based on substantially the same operative facts are considered the same claim for purposes of Section 1500, 'regardless of the relief sought in each suit.'" *Pellegrini v. United States*, 103 Fed. Cl. 47, 50 (2012) (quoting *Tohono O'Odham Nation*, 563 U.S. at 317). On September 23, 2024, Mr. Macallister filed nearly identical claims with the United States District Court for the District of Columbia. *See Macallister v. United States*, No. 1:24-cv-2761-UNA (D.D.C.); Mot., Ex. 1, ECF No. 6-1. This earlier-filed complaint alleges the same five counts as alleged here, based upon the same purported five-second recharging technology that is the basis of the present Complaint. *Compare* Mot., Ex. 1 at *2–3, *with* Compl. at *3. Mr. Macallister has since filed a motion to dismiss that pending case, *see* Notice of Suppl. Filing at *4, ECF No. 14, and the Court observes that his case was finally terminated on July 15, 2025. *Cf. Goodeagle v. United States*, 105 Fed. Cl. 164, 172 n.6 (2012) (noting that when deciding motions to dismiss for lack of subject matter jurisdiction, "it is well settled that courts routinely take judicial notice of documents filed in other courts" (cleaned up)). However, Mr. Macallister has since filed another case based on substantially identical facts, albeit seeking only injunctive relief, in *Macallister v. United States Environmental Protection Agency et al.*, No. 1:25-cv-01238-UNA (D.D.C.). *See* Pl.'s Emergency Mot. at 2, ECF No. 12 (acknowledging existence of previously undeclared "related lawsuit"). Therefore, Mr. Macallister's currently pending suit in another court based on substantially identical factual allegations provides a further jurisdictional bar to his claims in this Court.

In sum, the Court must dismiss the Complaint because Mr. Macallister's allegations do not raise a claim that is within this Court's jurisdiction, and he has a pending suit in another court based on the same facts. *See* RCFC 12(b)(1); 28 U.S.C. § 1500.

### III. The Court Has Sufficient Grounds to Dismiss the Complaint and Need Not Consider Alternative Arguments Under RCFC 12(b)(6).

The United States further argues that Mr. Macallister fails to state a claim for relief pursuant to RCFC 12(b)(6) because his five-second recharging technology "claims are not facially plausible" and should be dismissed as frivolous. Mot. at 5. The United States notes that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* (quoting *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). The United States contends that Mr. Macallister makes "vague [and] conclusory" allusions to "supporting

evidence" and "bald claims" about his purported technology, neither of which sufficiently state a claim for relief. *Id.* It is unnecessary for the Court to consider this alternative ground for dismissal because the Court has determined that Mr. Macallister's Complaint must be dismissed for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1) and 12(h)(3). Accordingly, the Court will not address whether Mr. Macallister's Complaint should be dismissed for failure to state a claim.[3]

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** Mr. Macallister's IFP Application (ECF No. 2) and **GRANTS** the United States' Motion to Dismiss (ECF No. 6) pursuant to RCFC 12(b)(1). The Clerk is directed to enter **JUDGMENT** accordingly.

Further, the Court hereby **DIRECTS** the Clerk of Court to **REJECT** any future submission in this case unless it is: (1) a motion for reconsideration filed pursuant to RCFC 59; or (2) a notice of appeal filed pursuant to RCFC 58. This Court's rules regarding post-dismissal submissions do not authorize Mr. Macallister to submit any other documents at this stage of the proceedings, and future unauthorized filings will be summarily rejected.[4]

**IT IS SO ORDERED.**

ROBIN M. MERIWEATHER
Judge

---

[3] The Court also considers whether transfer of the action, as opposed to dismissal for lack of subject matter jurisdiction, would be "in the interest of justice." 28 U.S.C. § 1631. The test for determining whether transfer is appropriate is simply whether the claims "are nonfrivolous and as such should be decided on the merits." *Ewers v. United States*, 168 Fed. Cl. 812, 818 (2024) (quoting *Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1000 (Fed. Cir. 1987)). However, transfer is inappropriate here because Mr. Macallister already has a pending lawsuit in another court on substantially the same operative facts. The Court therefore takes no position on whether Mr. Macallister's allegations are frivolous.

[4] This ruling does not act as an anti-filing injunction or sanction. *See Allen v. United States*, 88 F.4th 983, 989 (Fed. Cir. 2023). Mr. Macallister is not enjoined from proper post-dismissal filings in this case, nor is Mr. Macallister required to seek leave before filing future actions in this Court. *See id.* Rather, this Order merely serves as a mechanism to reject non-compliant, post-dismissal filings in the above-captioned case, i.e., any filing other than a motion for reconsideration pursuant to RCFC 59 or a notice of appeal pursuant to RCFC 58.